McIlvaine, J.
It was decided in Ohio et al. v. • Mathews, 10 Ohio St. 431 : “ That where- three executors of a:' estate, reside in the same township, two of them within the corpo *407 rate limits of a village, the other without such limits, and the three have possession in the law of the taxable moneys, bonds and stocks of the estate, the same must, in view of the' equities and analogies of the statutes — which does not expressly provide for such case — be entered for taxation, one-third as of. the place of residence of each executor.”
In 1882, the statute remaining substantially the same, the foregoing case was followed by this court in Todd v. Hughes et al., reported only in 3 Ohio Law Journal, page 206. In this case it appeared that there were four executors of the will of David Todd. Two of the executors resided in Mahoning county at the late domicil of the testator, one resided in the same county but within the city of Youngstown, and the other within the city of Cleveland, Cuyahoga county. The assets of the estate were kept at the late domicil of the testator.
In this case, it was held that one-fourth of the assets were taxable in the city of Youngstown, where one of the four executors resided, and the balance was taxable in the township where the property was, in fact, situated outside the city limits. No question was made as to the rule where the situs of the property was in one county and the residence of one or more of the executors in another ; but the theory seems to be that the whole of the property was taxable in the county where situated.
It is not disputed, that, as a general rule, the situs of personal property is, in law, the residence of the owner; nor that the administrator or executor of an estate is the owner of the assets, within the meaning of this rule. But granting this, it is nevertheless true, that the legislature may fix the place where personal property, including moneys, credits and investments, subject to taxation in this state, must be listed.
The question now before us is: Had the legislature designated the place for listing the “ moneys, credits and investments” of Noble’s estate, as they existed in 1882, and if so, what was the rule ?
Section 2734 of Revised Statutes provides, that the property of every estate of a deceased person shall be listed by his executor or administrator, and section 2735 provides:
*408 “ Every person required to list property on behalf of others shall list the same in the same township, city or village in which he would be required to list it if such property were his own ; but he shall list it separately from his own, specifying in each case the name of the person, estate, company or corporation to whom it belongs; all merchants and manufacturers’ stock, and all personal property upon farms shall be listed in the township, city, or village in which the same may be situated; and all other personal property, moneys, credits, and investments, except as otherwise specially provided, shall be listed in the township, city or village in which the person to be charged with taxes thereon may reside at the time of the listing thereof, if such person reside within the county where the same are listed, and if not, then in the township, city or village where the property is when listed.”
It will be observed that bythis section no distinction is made, except as to merchants’ and manufacturers’ stock and personal property on farms, as to the place for taxation, between tangible and intangible proj erty. A distinction, however, is recognized between the place where personal property, moneys, credits and investnients are to be listed for taxation, and the residence! of the person to be charged with taxes thereon, and this distinction is based on county limits.
Section 2736 provides: “ Each person required to list property shall, annually, upon receiving a blank for that purpose from the assessor, or within ten days thereafter, make out and deliver to the assessor a statement, verified by his oath, of all the personal property, moneys, credits, investments in bonds, stocks, joint stock companies, annuities or otherwise in his possessions or under his control, on the day preceding the second Monday of April of that year which he is required to list for taxation either as owner or holder thereof, or as parent, husband, guardian, trustee, executor, administrator, receiver, accounting officer, partner, agent, factor or otherwise.”
From this section, in connection with section 2734, which reads: “ Every person of full age and sound mind shall list the personal property .of which he. is the owner., and all *409 moneys in his possession, all moneys invested, loaned or otherwise controlled by him as agent or attorney, or on account of any other person or' persons, company or corporation whatsoever, and all moneys deposited subject to his order, check or draft; and all credits due or owing from any person or persons, body corporate or politic, whether in or out of said county, etc.,” it seems clear to us that the situs of moneys, credits and investments for the purpose of taxation, is the residence of the person whose duty it is to list the same, and not the residence of the owner if they be located in different counties.
The question then arises, whose duty was it to list the moneys, credits and investments belonging to Noble’s estate ? The obvious answer is, the administrator or administrators who had possession and control of the property.
As between administrators residing in the county where, in fact, the property is situated, the mere technical right of possession and control would, it seems, be sufficient. But if the residence of administrators be in different counties the possession or control must be actual. The statute recognises the actual possession and control of credits subject to taxation. C. M. Overman, the administrator resident at Highland county, as the case shows, had the actual possession and control of all the moneys, credits and investments belonging to the estate. Arthur Noble, the administrator residing in Adams county, had no such possession or control. It was therefore the duty of Overman, as such administrator, to list the whole of such property for taxation in Highland county, in the township of his residence ; and, inasmuch, as double taxation was unauthorized, it follows that no part of this estate was properly taxed in Adams county. See Pelton v. Transportation Co., 37 Ohio St. 450.

Judgment affirmed.